Spear, J.
It will be noted that the amount Mrs. Freeman admitted she had received, $219.35, was one-eighth of the' total amount for distribution. In order, therefore, to. *594 recover a greater sum she would, necessarily, have to offer proof showing the making of advancements, and their amount. The objection to the evidence -was upon the ground that the justice was without jurisdiction to determine the issue thus sought to be ráised, and the question, therefore, is whether or not a justice of the peace has jurisdiction to try a controversy involving the distribution of a fund between heirs where the question of advancements is involved.
An advancement is an irrevocable gift by a parent to a child, in anticipation of such child’s future share of the parent’s estate, and is to be taken into account upon distribution. Necessarily, therefore, the matter is governed by the statute of distribution.
By our statute (sections 4169, 4170 and 4171), advancements are to be considered as part of the estate so far as regards the division and distribution thereof, and an advancement received is to be taken by each child towards his or her share. If the amount equals or exceeds the share, such child shall be excluded from any further portion, but shall not be required to refund, and if less, shall be entitled to as much more as will give a full share. If the advancement has been made in real estate, the value shall be considered and taken as part of the real estate to be divided, and if in money, or other personal property, it shall be considered as part of the personal estate to be distributed; and if, in either case, it exceeds the share of the real or personal estate that would have come to the heir he shall not refund any part of it, but shall receive so much less out of the other ■ part of the estate as will make his share equal to the other heirs in the same degree of consanguinity.
The statute is evidently framed upon the idea of obtaining equalization among the heirs, “collation,” as it is termed by the civil law; of bringing the mass of property together, and so dividing it that each may have, considering what he has already received, his proper share. To make this possible, all the parties must be before the court, and the court must be so far possessed of equity powers as to be competent to compel the bringing in of all the parties, to afford opportunity to them to interplead and to hear and dispose of the *595 entire controversy upon the equitable principle of the statute.
Justices of the peace have not equity jurisdiction, and it would seen not necessary to argue that, in a suit by one of eight heirs, each one of whom has received an advancement, brought against one who is the common agent of the whole, for distribution, where there cannot be a determination of the controversy without invoking the aid of equity, a justice’s court is not the tribunal in which to conduct the controversy.
Judgment below reversed and case dismissed*